UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-402-GCM
(3:96-cr-123-GCM-1)

| | |
|---|---|
| **MICHAEL EDWARD JONES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **ORDER** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's "Motion to Vacate Judgment Under 28 U.S.C. 2255," (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

### I. BACKGROUND

Petitioner was convicted in 1997 following a jury trial of several drug trafficking and firearm offenses, including possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924, and he was sentenced to a total of life plus 60 months' imprisonment.[1] (3:96-cr-123 Doc. No. 162). The Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal United States v. Mitchell, 131 F.3d 137 (4th Cir. 1997), *cert. denied*, 523 U.S. 1049 (1998).

In 2001, Petitioner then filed a § 2255 Motion to Vacate that was dismissed as untimely, case number 3:01-cv-378-RLV. Petitioner did not appeal.

---

[1] The procedural history of the criminal, appellate, and post-conviction proceedings are set forth in greater detail in Jones v. United States, 2016 WL 5198169 (W.D.N.C. Sept. 19, 2016).

1

In 2002, Petitioner filed a Motion to Correct that was construed as a § 2255 Motion to Vacate, case number 3:02-cv-302-CHH, that was dismissed and denied as time-barred and successive. The Fourth Circuit dismissed Petitioner's appeal. United States v. Jones, 60 F. App'x 973 (4th Cir. 2003).

In 2016, the Fourth Circuit granted Petitioner authorization to file a successive § 2255 Motion to Vacate raising a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). This Court dismissed the Motion to Vacate with prejudice, case number 3:16-cv-548-GCM, Jones v. United States, 2016 WL 5109169 (W.D.N.C. Sept. 19, 2016), and the Fourth Circuit dismissed Petitioner's appeal, United States v. Jones, 685 F. App'x 294 (4th Cir. 2017).

Petitioner has now filed the instant § 2255 Motion to Vacate in which he seeks relief pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019) in which the United States Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" 139 S. Ct. at 2200.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed several § 2255 petitions that were denied on the merits. Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition under § 2255(h). Because Petitioner has provided no evidence demonstrating that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 Motion to Vacate, the Court lacks jurisdiction over the instant action and it must be dismissed. See Winestock, 340 F.3d at 205.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 21, 2020

*[Signature]*

Graham C. Mullen
United States District Judge